UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| ERNESTINA NWOKE | ) | Case No. 07-10324-SSM |
| | ) | Chapter 13 |
| Debtor | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is the motion of Tenacity Settlements, LLC ("Tenacity") for leave to file a complaint to determine the dischargeability of Tenacity's claim against the debtor to recover a payment made by mistake. Although no response has been filed opposing the motion, the court (as it is required to do) has independently considered whether the requested relief may be properly granted, notwithstanding the lack of opposition.

Background

Ernestina Nwoke is a nursing assistant earning $1,950 per month. She filed a voluntary petition in this court on February 12, 2007, for adjustment of her debts under chapter 13 of the Bankruptcy Code. The meeting of creditors was held on March 20, 2007, and the last date to file complaints to determine dischargeability was May 21, 2007. The debtor's repayment plan filed on March 8, 2007, was confirmed on April 23, 2007. The plan requires the debtor to pay the chapter 13 trustee $250.00 per month for 12 months, then $485.00 per month for 48 months, with the estimated distribution to unsecured creditors being 100 cents on the dollar. The debtor's schedules listed a total of $2,066 in unsecured claims. Tenacity is not listed as a creditor and was not given notice of the commencement of the bankruptcy case.

On February 14, 2008, Tenacity filed the motion that is presently before the court. In the motion, Tenacity alleges that, in connection with a June 2006 sale of real property owned by the debtor, it mistakenly paid the net proceeds of sale to the debtor twice, once by wire-transfer, and once by check. It asserts that the debtor's retention of the $29,630.51 overpayment—which Tenacity says it did not discover until November 2007—falls within the discharge exceptions for a willful and malicious injury to property under § 523(a)(6), Bankruptcy Code, or, alternatively, constitutes embezzlement or larceny under § 523(a)(4), Bankruptcy Code.

Discussion

Upon completion of payments under a chapter 13 plan, a debtor is entitled to a discharge of most, but not all, types of prepetition debts. § 1328(a), Bankruptcy Code. Debts for willful and malicious injury that would be excluded from discharge under § 523(a)(6), Bankruptcy Code, in a chapter 7 case are <u>not</u> among the debts excluded from discharge in a chapter 13 case.[1] However, debts for embezzlement and larceny, as well as certain unlisted debts, are excluded from discharge in a chapter 13 case, just as they would be in a chapter 7 case. § 1328(a)(2), § 523(a)(3), and § 523(a)(4), Bankruptcy Code. A complaint to determine the dischargeability of an unlisted debt under § 523(a)(3), Bankruptcy Code, may be filed "at any time." Fed.R.Bankr.P. 4007(b). However, a complaint to determine the dischargeability of a debt for embezzlement or larceny under § 523(a)(4) is governed by § 523(c), Bankruptcy Code, and must be filed no later than 60 days after the first date set for the meeting of creditors. Fed.R.Bankr.P.

---

[1] Instead, Congress has provided in place of the § 523(a)(6) exception a more limited exception that extends only to "restitution, or damages, awarded in a civil action against the debtor as a result of willful or malicious injury . . . that caused *personal injury* to an individual or the *death* of an individual." § 1328(a)(4), Bankruptcy Code (emphasis added). Thus, a debt for a willful and malicious injury to <u>property</u> is dischargeable in chapter 13.

2

4007(c). Although the court is empowered to extend the time "for cause," the motion to extend the time must be filed "before the time has expired." *Id*. This restriction on extending the time is expressly excluded from the court's general power to enlarge time periods after the fact. Fed.R.Bankr.P. 9006(b)(3). Thus, regardless of the circumstances, the court has no power, after the bar date for filing a complaint has passed, to extend the time to file a complaint to determine dischargeability of a claim alleged to be excepted from discharge under § 523(a)(4), Bankruptcy Code.

As noted, however, a complaint to determine the dischargeability under § 523(a)(3), Bankruptcy Code, of an unlisted debt is not subject to § 523(c), Bankruptcy Code, and may therefore be filed "at any time." Fed.R.Bankr.P. 4007(b). Specifically, a debt that is not listed on the debtor's schedules in time to permit the timely filing of a proof of claim or the timely filing of a dischargeability complaint is excluded from discharge unless the creditor had notice or actual knowledge of the case in time to file a timely proof of claim or dischargeability complaint, as appropriate. § 523(a)(3)(A) and (B).[2] In any event, because there is no bar date for filing a complaint to determine the dischargeability of an unscheduled debt, Tenacity needs no extension of time or leave of court to file such a complaint. But the motion, to the extent it seeks leave to file a complaint under §§ 523(a)(6) or 523(a)(4), must be denied, because the § 523(a)(6)

---

[2] The addition of the § 523(a)(3) exception for unlisted debts to chapter 13 was made by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L. 109-8, 119 Stat. 23 ("BAPCPA"), which considerably narrowed the formerly very broad discharge (sometimes referred to as the "super discharge") granted to chapter 13 debtors upon completion of plan payments. Even prior to BAPCPA, however, many courts had held that the claim of an unlisted creditor had not been "provided for" by the plan and was therefore not discharged. *See, In re Kristiniak*, 208 B.R. 132, 134 (Bankr. E.D. Pa. 1997) (collecting cases). In any event, since §523(a)(3) now expressly applies to chapter 13 cases, the court need not reach the issue of dischargeability by an alternate route.

exception does not apply to end-of-plan discharges in chapter 13 cases and because the court has no power, after the bar date has passed, to extend the time to file a complaint under § 523(a)(4).

O R D E R

For the foregoing reasons, it is

**ORDERED:**

1. The motion to extend time to file a complaint to determine dischargeability under § 523(a)(4) or (a)(6), Bankruptcy Code, is denied without prejudice to the movant's right to file a complaint under § 523(a)(3) at any time prior to the closing of the case.

2. The clerk will mail a copy of this order, or give electronic notice of its entry, to the parties listed below.

Date: _____         _____
                                            Stephen S. Mitchell
Alexandria, Virginia                        United States Bankruptcy Judge

Copies to:

Thomas W. Repczynski, Esquire
Bean, Kinney & Korman, P.C.
2000 North 14th Street, Suite 100
Arlington, Virginia 22201
Counsel for Tenacity Settlements, LLC

Nathan Fisher, Esquire
3977 Chain Bridge Road, #2
Fairfax, VA  22030
Counsel for the debtor

Ernestina Nwoke
44 Hot Springs Way
Stafford, VA 22554
Debtor

Gerald M. O'Donnell, Esquire
211 North Union St., Suite 240
Alexandria, VA  22314
Chapter 13 trustee